UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Massachusetts Mutual Life Insurance Company,

    Plaintiff,

vs.                                    CASE NO. 8:13-cv-03243-VMC-MAP

Stephen A. Switlyk,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### COUNT I FOR UNJUST ENRICHMENT DOES NOT STATE A CAUSE OF ACTION AND MUST BE DISMISSED

Plaintiff does not state a cause of action in Count 1 for unjust enrichment. To prevail on a claim for unjust enrichment, a plaintiff must show that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. *See Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co.*, 695 So.2d 383, 386 (Fla. 4th DCA 1997). Unjust enrichment is an equitable doctrine. Accordingly, in order to state a claim for unjust enrichment, Plaintiff must allege that it has no adequate remedy at law. *See Jovine v. Abbott Labs., Inc.*, 795 F.Supp.2d 1331, 1341–42 (S.D.Fla.2011).

Simply put, Plaintiff does not allege the elements of unjust enrichment. Additionally, Plaintiff does not allege that it has no adequate remedy at law. To the contrary, Plaintiff actually pleads in Paragraph 6 of the amended complaint, among other paragraphs, that it issued Defendant two insurance policies which otherwise govern the entire dispute. An adequate remedy at law does exist; Plaintiff has just elected not to pursue it. That fact, however, does not

This document prepared by: McKay Law Firm, P.A., 2055 Wood Street, Suite 120, Sarasota, FL 34237
Phone - 941.906.7256 / Fax - 941.330.2233 / Web - www.mckay-law.com

mean that Plaintiff may plead a count for unjust enrichment. Plaintiff cannot pursue an equitable theory, such as unjust enrichment, to prove entitlement to relief if an express contract exists. See, e.g., *Kovtan v. Frederiksen,* 449 So.2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."); *In re Estate of Lonstein,* 433 So.2d 672, 674 (Fla. 4th DCA 1983) (same).

Furthermore, Plaintiff is seeking damages for the same alleged conduct in Count 1 for unjust enrichment as it is in the remaining counts, and there is nothing to suggest that prevailing on the other legal counts would be inadequate to compensate Plaintiff, assuming that Plaintiff is otherwise entitled to recover. See *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.,* 390 F.Supp.2d 1170 at 1178 (M.D.Fla.,2005), finding that because the unjust enrichment claim was predicated on the same set of allegations as the legal claims, that a count for unjust enrichment could not be maintained.

For the above reasons, Plaintiff's Count I for unjust enrichment does not state a cause of action, and must be dismissed.

### COUNT II FOR RESTITUTION DOES NOT STATE A CAUSE OF ACTION AND SHOULD BE DISMISSED

Restitution has been defined and interpreted in several different ways, but no matter how defined or interpreted, Plaintiff has not alleged a cause of action for restitution. The court in *Florida Power & Light Co. v. Allis-Chalmers Corp.,* 752 F.Supp. 434 (S.D.Fla.,1990) defined restitution as follows:

> 2. Restitution.
> The term "restitution" denotes a form of equitable relief. The term describes those situations in which "a party would arguably be unjustly enriched if allowed to retain without paying for it some benefit that had been conferred upon him." Farnsworth, Contracts 98 (1982). In such situations, the courts will imply a "quasi-contract" between the provider and the recipient of the benefit at issue. Such quasi-contracts are "obligations imposed by the law on grounds of justice and equity, and do not rest upon the assent of the contracting parties. This legal

This document prepared by: McKay Law Firm, P A , 2055 Wood Street, Suite 120, Sarasota, FL 34237
Phone - 941 906.7256 / Fax - 941 330 2233 / Web - www.mckay-law.com

fiction was adopted ... to provide a remedy in instances where one of the contracting parties is unjustly enriched." Tipper v. Great Lakes Chemical Co., 281 So.2d 10, 13 (Fla.1973) (citations omitted); see also Challenge Air Transport, Inc. v. Transportes Aereos Nacionales, S.A., 520 So.2d 323, 324 (Fla.Dist.Ct.App.1988) (action for "unjust enrichment" exists to prevent wrongful retention of benefit "in violation of good conscience and fundamental principles of justice or equity").

Based on this definition, because restitution is equitable relief, Plaintiff must not have an adequate remedy at law before it invokes the court's equity powers. Accordingly, Plaintiff's Count II for Restitution should fail for the same reasons that Plaintiff's Count I for unjust enrichment should fail, those arguments being incorporated into this paragraph by reference.

That said, the court in *Ocean Communications, Inc. v. Bubeck*, 956 So.2d 1222, 1225-1226 (Fla. 4th DCA 2007) described restitution and its elements as follows: "Restitution is available as a type of recovery, however, when there has been a breach of an express contract. Indeed, we stated in Beefy Trail that proof of breach of contract is a necessary element of restitution:

> This determination [of a restitutionary interest] is dependent upon the existence or nonexistence of any evidence relating to a material breach because demonstration of such a breach is a prerequisite under the restitution theory. 267 So.2d at 857 (citing CORBIN ON CONTRACTS, Vol. 5, s. 1104); see also Timberland Consol. P'ship. v. Andrews Land & Timber, Inc., 818 So.2d 609, 611 (Fla. 5th DCA 2002) (a party to a contract who justifiably refuses to perform because his duties have been discharged by the other party's breach may seek restitution for any benefit he has conferred by part performance in excess of loss caused by his breach); RESTATEMENT (SECOND) OF CONTRACTS § 373 ("[O]n a breach by non-performance that gives rise to a claim for damages for total breach or on a repudiation, the injured party is entitled to restitution for any benefit that he has conferred on the other party by way of part performance or reliance.")

Here, as noted in the argument against Count I for unjust enrichment, Plaintiff has pled that two contracts of insurance exist, but Plaintiff has not pled that Defendant breached those contracts of insurance – a necessary allegation in a restitution count according to the *Ocean Communications* decision.

This document prepared by: McKay Law Firm, P.A., 2055 Wood Street, Suite 120, Sarasota, FL 34237
Phone - 941.906.7256 / Fax - 941.330.2233 / Web - www.mckay-law.com

Plaintiff has not plead any elements of the cause of action for restitution, and for that reason, Count II must be dismissed as a matter of law.

## COUNT III – NEGLIGENT MISREPRESENTATION AND COUNT IV – FRAUD MUST BE DISMISSED FOR FAILURE TO PLEAD WITH SPECIFICITY

Federal Rule of Civil Procedure 9(b) requires that fraud be alleged with particularity. This heightened pleading requirement applies to actions for negligent misrepresentation brought pursuant to Florida law. See *Linville v. Ginn Real Estate Co.*, 697 F.Supp.2d 1302, 1306 (M.D.Fla.2010); *Chapman v. Abbott Laboratories*, 930 F.Supp.2d 1321 (M.D.Fla.,2013); *Nianni, LLC v. Fox*, Not Reported in F.Supp.2d, 2011 WL 5357820 (M.D.Fla.,2011); *Nehrer v. Bank of America, N.A.*, 2011 WL 4376776 *2 (M.D.Fla. Sept.2, 2011) (citing *Morgan v. W.R. Grace & Co.*, 779 So.2d 503, 506 (Fla. 2d DCA 2000).

In order to satisfy Rule 9(b)'s heightened pleading requirements for fraud or negligent misrepresentations, a Plaintiff must allege the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

See *Nehrer v. Bank of America, N.A.*, Not Reported in F.Supp.2d, 2011 WL 4376776 (M.D.Fla.,2011); quoting *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

Federal Rule of Civil Procedure 9(b), requiring that fraud and negligent misrepresentation be pled with specificity "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida,*

Page 4

This document prepared by: McKay Law Firm, P.A., 2055 Wood Street, Suite 120, Sarasota, FL 34237
Phone - 941.906.7256 / Fax - 941.330.2233 / Web - www.mckay-law.com

*Inc.*, 116 F.3d 1364, 1370–71 (11th Cir.1997), quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988).

Here, Plaintiff has literally pled nothing to satisfy the heightened pleading requirement for fraud.

Nowhere does Plaintiff allege that Defendant ever once made a single false statement to Plaintiff, much less does Plaintiff allege anything with particularity. Plaintiff alleges that Defendant submitted to Plaintiff financial information purportedly supporting a loss of net income (Amended Complaint Paragraph 10), and that as part of Defendant's proof of loss, Defendant included salary paid to his wife (Amended Complaint paragraph 11) and to his son and daughter (Amended Complaint paragraph 13). Plaintiff never once alleges, much less with particularity, that it was given fraudulent or otherwise false information. To the contrary, Plaintiff was provided with accurate financial information, demonstrating the salary of Defendant's wife, son and daughter at relevant times, and despite having this information, Plaintiff elected to pay benefits anyhow.

The closest Plaintiff comes to an actual specific allegation is paragraph 14 of the Amended Complaint, where Plaintiff alleges that it was given "incorrect financial information". This vague allegation, however, does not rise to the level of fraudulent or negligent misrepresentation. As noted above, Plaintiff had to allege:

1. Precisely what statements were made in what documents or oral representations or what omissions were made;

2. The time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same;

3. The content of such statements and the manner in which they misled the plaintiff; and

4. What the defendant obtained as a consequence of the fraud.

This document prepared by: McKay Law Firm, P.A., 2055 Wood Street, Suite 120, Sarasota, FL 34237
Phone - 941.906.7256 / Fax - 941.330.2233 / Web - www.mckay-law.com

Here, Plaintiff does not identify precisely what statements were made in what documents, Plaintiff does not allege the time and place of each such statement, and the person responsible for making same, nor does Plaintiff allege the content of the statements, or the manner in which they misled the Plaintiff. These pleading failures mandate dismissal of Count III for negligent misrepresentation and Count IV for fraud.

## COUNT V – DECLARATORY ACTION

The other four counts of the Amended Complaint clearly should be dismissed; Count V is a closer call. Plaintiff appears to be seeking nothing more than a legal opinion from the court as to whether it has a continued obligation to pay benefits under two insurance policies, based on financial documents sent from Defendant to Plaintiff from 2004 forward. That relief would be barred. As recognized in *Martinez v. Scanlan*, 582 So.2d 1167, 1171 (Fla.1991), when there is no justiciable controversy, the court is, in effect, being asked to give an advisory opinion which is improper in a declaratory action. Undersigned counsel is mindful of the occasional utility of a declaratory action in an insurance coverage dispute, but does not believe that the case at bar requires such a declaratory, particularly in light of the fact that Plaintiff has not brought an action under either contract of insurance.

## CONCLUSION

It is clear that Plaintiff has improperly pled Counts I-IV, at a minimum, and those counts should be dismissed for the reasons set forth above. Count V should additionally be dismissed as this case is not appropriate for declaratory relief.

This document prepared by: McKay Law Firm, P.A., 2055 Wood Street, Suite 120, Sarasota, FL 34237
Phone - 941.906.7256 / Fax - 941.330.2233 / Web - www.mckay-law.com

## CERTIFICATE OF SERVICE

I certify that on June 5, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true copy of the foregoing has been furnished via electronic mailing to:

Brad Redlien, Esq.
Shutts & Bowen LLP
bredlien@shutts.com

        McKay Law Firm, P.A.
        2055 Wood Street, Suite 120
        Sarasota, FL 34237
        Telephone:   941.906.7256
        Facsimile:    941.330.2233
        E-mail 1:     smckay@mckay-law.com
        E-mail 2:     gheidenburg@mckay-law.com

By: _____
       Scott D. McKay, Esq.
       Florida Bar No.: 0187800