UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                            Case No. 8:13-cv-3243-T-33MAP

STEPHEN A. SWITLYK,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Stephen A. Switlyk's Motion to Dismiss (Doc. # 37), filed on July 17, 2014. Plaintiff Massachusetts Mutual Life Insurance Company (MassMutual) filed a response in opposition to the Motion (Doc. # 38) on August 1, 2014. For the reasons stated below, the Court denies Switlyk's Motion.

**I. Background**

MassMutual, an insurance company in Massachusetts, brought this action against Switlyk, a resident of Florida, on December 27, 2013. (Doc. # 1). MassMutual filed an Amended Complaint (Doc. # 4) on April 21, 2014, to which Switlyk filed a motion to dismiss (Doc. # 15) on June 5, 2014. On July 9, 2014, MassMutual filed a Second Amended Complaint (Doc. # 32)

rendering Switlyk's motion moot. The Second Amended Complaint alleges breach of contract (Count I), unjust enrichment (Count II), restitution (Count III), fraud (Count IV), and negligent misrepresentation (Count V) and includes a prayer for declaratory relief (Count VI). (Id.). This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id. at ¶ 1).

According to the Second Amended Complaint, in 1983 MassMutual issued Switlyk a disability policy and a business overhead expense policy. (Id. at ¶ 6). The disability policy covers an insured's incapacity that:

- Is due to sickness or injury; and
- Begins while the policy is in force; and
- Requires care by or at the direction of a legally qualified physician. . .; and
- Reduces the Insured's ability to work; and
- Causes a Loss of Earned Income. . . .

(Id. at ¶ 7). The policy defines earned income as any earned compensation by the insured for services performed during the relevant time period, minus business expenses. (Id.).

Switlyk notified MassMutual in 1993 of a residual disability claim, and Switlyk was approved for benefits pursuant to the disability policy as well as benefits and waiver of premiums pursuant to the business overhead expense policy. (Id. at ¶ 8). Switlyk claimed he was residually

disabled from 1993 through July of 2002, and again from May of 2004 to the present. (Id. at ¶ 10). Switlyk provided MassMutual with "financial information purportedly supporting a loss of net income sufficient to qualify him for residual benefits under the [d]isability [p]olicy." (Id.). MassMutual submits that it paid Switlyk residual disability benefits during the aforementioned time periods and paid total benefits between July of 2002 and May of 2004, allegedly in reliance on Switlyk's representations. (Id.).

According to MassMutual, Switlyk listed salary paid to his wife, who acted as an office manager, as well as salary paid to his son and daughter, as business expenses in the financial information that he submitted to MassMutual. (Id. at ¶¶ 11, 13). MassMutual alleges that the yearly salaries paid to Mrs. Switlyk at the beginning of Switlyk's claim were reasonable, but eventually increased "far beyond what would be considered reasonable and appropriate," even exceeding Switlyk's own compensation between 2007 and 2012. (Id. at ¶¶ 11-12). Furthermore, MassMutual asserts that Switlyk's children either did not perform services that entitled them to a salary or they were excessively compensated for any tasks they did perform. (Id. at ¶ 13). Thus, MassMutual contends that the salaries paid to Switlyk's wife and children were

3

"illegitimate expenses" inflated to decrease Switlyk's "earned income" so that he could "collect benefits from MassMutual far in excess of those to which he may have been entitled." (Id. at ¶¶ 12-13).

Switlyk filed the present Motion to Dismiss (Doc. # 37) on July 17, 2014. In his Motion, Switlyk contends that MassMutual's Second Amended Complaint should be dismissed pursuant to the voluntary payment doctrine, that MassMutual failed to state a cause of action for its unjust enrichment and restitution claims, and that MassMutual did not plead its negligent misrepresentation and fraud claims with the specificity required by Fed. R. Civ. P. 9(b). MassMutual filed a response in opposition to the Motion on August 1, 2014. (Doc. # 38). The Court has reviewed the Motion and the response and is otherwise fully advised in the premises.

## II. Legal Standard

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens

v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

**III. Analysis**

    **A. Count I: Breach of Contract**

Switlyk sets forth several procedural arguments for why MassMutual's breach of contract claim fails. First, Switlyk contends that MassMutual attaching what it "unilaterally deems to be the 'relevant portions'" of the disability policy

5

at issue rather than the entire policy is insufficient to support a claim for breach of contract. (Doc. # 37 at 4).

Switlyk also argues that the policy attached to the Second Amended Complaint renders the case moot because it contains provisions that impose a two-year statute of limitations on MassMutual for bringing a legal action to contest the validity of the policy. (Id. at 4-5). Given that the policy was issued in 1983, Switlyk submits that MassMutual's time to contest the disability policy has expired, giving reason enough for the Second Amended Complaint to be dismissed. (Id. at 5). Conversely, MassMutual asserts that Switlyk's argument regarding expiration of the policy's contestability time limit fails because MassMutual's breach of contract claim "does not seek to rescind or cancel the disability policy," and thus the contestability clause is inapplicable. (Doc. # 38 at 8).

The Court finds Switlyk's interpretation of the federal pleading requirements incorrect insofar as he presumes that MassMutual's breach of contract claim is deficient without attachment of the full disability policy thereto. Such an interpretation would contradict the pleading standard provided by Fed. R. Civ. P. 8. See AGSC Marine Ins. Co. v. Spectrum Underground, Inc., No. 8:12-cv-474-T-30TGW, 2012 WL

6

2087441, at *2 (M.D. Fla. June 8, 2014) (finding that the Federal Rules of Civil Procedure do not require a plaintiff to attach the relevant contract to the complaint in order to support a breach of contract claim). Additionally, although the Court acknowledges Switlyk's argument regarding expiration of the two-year statute of limitations imposed by the policy, the Court finds it inappropriate at this juncture to interpret the policy and determine whether the provisions referenced by Switlyk bar recovery in this action. See Whitney Nat. Bank v. SDC Cmtys., Inc., No. 8:09-cv-1788-EAK-TBM, 2010 WL 1270266, at *3 (M.D. Fla. Apr. 1, 2010) (finding interpretation of disputed contract language inappropriate at the motion to dismiss stage).

Finding no procedural deficiencies with MassMutual's Second Amended Complaint, the Court will analyze the adequacy of MassMutual's breach of contract claim. To sufficiently plead a claim for breach of contract under Florida law, a plaintiff "must assert the existence of a contract, a breach of such contract, and damages resulting from such breach." Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1365 (M.D. Fla. 2007). Switlyk argues that MassMutual has failed to state a claim for breach of contract because it did not allege that Switlyk ever actually breached the

disability policy or made a false statement to MassMutual. (Doc. # 37 at 6). Further, given that MassMutual concedes that Switlyk provided the requested financial information to MassMutual, including documentation demonstrating the salary paid to Switlyk's wife and children at the relevant times, Switlyk contends that MassMutual voluntarily elected to pay benefits despite having all the relevant information, and thus the present action is barred by the voluntary payment doctrine. (Id.). Therefore, according to Switlyk, MassMutual's allegations do not amount to a claim for breach of contract, and Count I should be dismissed with prejudice. (Id.). However, MassMutual contends that the voluntary payment doctrine does not bar its claims, and that it sufficiently alleged "at least thirteen different ways" in which Switlyk breached the policy. (Doc. # 38 at 2-6, 8).

The Court finds that MassMutual has sufficiently pled a breach of contract claim because it asserted the existence of a contract by alleging (a) that both parties entered into the disability policy (Doc. # 32 at ¶ 21), (b) thirteen ways in which Switlyk breached the disability policy (Id. at ¶ 29), and (c) the damages MassMutual incurred in the form of overpayment of disability benefits as a result of the breach (Id. at ¶¶ 15, 17, 30). Furthermore, although the Court

acknowledges Switlyk's arguments regarding the voluntary payment doctrine, it finds determination of the doctrine's application to this case to be inappropriate at this posture. See U.S. v. Cayman Village Condo. Ass'n, Inc., No. 12-61797-Civ., 2013 WL 1665846, at *1 (S.D. Fla. Apr. 17, 2013) (citing Liberty Surplus Ins. Corp., Inc. v. First Indem. Ins. Servs., Inc., 31 So. 3d 852, 858 (Fla. 4th DCA 2010) (finding that the application of the voluntary payment doctrine is better suited for the summary judgment stage)). Therefore, Switlyk's Motion is denied as to Count I.

**B. Counts II & III: Unjust Enrichment & Restitution**

Switlyk contends that MassMutual may not pursue equitable relief in the form of unjust enrichment or restitution because MassMutual did not and cannot allege that it has no adequate remedy at law given that it pled the existence of an express disability policy. (Doc. # 37 at 7-8) (citing Kovtan v. Frederiksen, 449 So. 2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter.")). On the other hand, MassMutual asserts that it does not have to plead that it has no adequate remedies at law because it can plead unjust enrichment and restitution in the alternative to its breach of contract

9

claim. (Doc. # 38 at 9) (citing Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998) (finding that the general rule that equitable remedies are not available when a complaint shows on its face that adequate legal remedies exist is inapplicable to claims for unjust enrichment)).

 The Court disagrees with Switlyk's position and finds that MassMutual may plead equitable relief claims in the alternative to its breach of contract claim. See e.g. Resnick v. AvMed, Inc. 693 F.3d 1317, 1327-29 (11th Cir. 2012); Shibata v. Lim, 133 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) ("Both the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment."). Therefore, the Court will analyze the sufficiency of both the unjust enrichment and restitution claims.

 To state a claim for unjust enrichment, a plaintiff must allege, "(1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." Leedom Mgmt.

Grp., Inc. v. Perlmutter, No. 8:11-cv-2108-T-33TBM, 2012 WL 1883765, at *4 (M.D. Fla. May 22, 2012).

Switlyk contends that MassMutual failed to state a claim for unjust enrichment because it did not allege the necessary elements. (Doc. # 37 at 7). MassMutual counters, however, that it sufficiently pled the elements of unjust enrichment by alleging that (1) it conferred residual disability benefits upon Switlyk (Doc. # 32 at ¶¶ 31-32); (2) Switlyk was aware of the benefits and accepted them (Id. at ¶¶ 32-33); and (3) Switlyk's "acceptance and retention of the disability benefit payments . . . make it inequitable for Defendant to retain the disability benefit overpayments." (Id. at ¶ 34). The Court agrees with MassMutual that the abovementioned allegations are sufficient to plead a claim for unjust enrichment.

Additionally, Switlyk submits that MassMutual failed to state a claim for restitution, regardless of whether it is interpreted as an equitable or legal form of relief. (Doc. # 37 at 8-9). According to Switlyk, restitution has been defined both as an equitable form of relief when a court implies a "quasi-contract" that resulted in the unjust enrichment of one of the contracting parties and as a recovery available for breach of an express contract. (Id. at 9) (comparing Fla.

Power & Light Co. v. Allis-Chalmers Corp., 753 F. Supp. 434, 438 (S.D. Fla. 1990) (defining restitution as an equitable form of relief designed to remedy circumstances in which one of the parties to a "quasi-contract" is unjustly enriched), *with* Ocean Commc'ns, Inc. v. Bubeck, 956 So. 2d 1222, 1225-26 (Fla. 4th DCA 2007) (defining restitution as a form of relief available "when there has been a breach of an express contract")).

Switlyk asserts that restitution as a remedy for breach of an express contract is not available under the present circumstances because MassMutual did not allege that Switlyk breached the disability policy. (Doc. # 37 at 10). On the other hand, MassMutual contends that it sufficiently pled its cause of action for restitution of the disability benefits overpaid to Switlyk in the alternative to its breach of contract claim. (Doc. # 38 at 16). Upon review of the Second Amended Complaint, the Court finds that MassMutual has sufficiently pled its restitution claim as a legal remedy because it alleged that Switlyk breached the disability policy, and as an equitable remedy in the alternative to the breach of contract claim. (See Doc. # 32 at ¶¶ 29, 36-38). Thus, Switlyk's Motion is denied as to Counts II and III.

### C. Counts IV & V: Fraud & Negligent Misrepresentation

To state a claim for fraud under Florida law, a party must demonstrate:

> (1) [A] false statement of fact; (2) known by a person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person.

State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, LLC, No. 8:13-CIV-1932-17-TGW, 2014 WL 1236240, at *6 (M.D. Fla. 2014). To state a claim for negligent misrepresentation under Florida law, a party must establish:

> (1) [a] misrepresentation of a material fact; (2) the representor . . ma[d]e the representation without knowledge as to its truth or falsity, or . . . under the circumstances in which he ought to have known of its falsity; (3) the representor . . . intend[ed] that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation.

Souran v. Travelers Ins. Co., 982 F.2d 1497, 1503 (11th Cir. 1993).

Additionally, a pleading that contains an allegation of misrepresentation or fraud is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). Rule 9(b) provides that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." See Fed. R. Civ. P. 9(b). To pass muster under Rule 9(b), a complaint alleging fraud must specify:

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each statement and the person responsible for making. . . them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011).

Switlyk asserts that MassMutual failed to allege that he ever made a false statement to MassMutual or that he ever provided fraudulent information. (Doc. # 37 at 12). Conversely, MassMutual submits that it adequately alleged each of the elements of fraud by pleading that (1) Switlyk "made false statements of fact through [his] misrepresentations regarding his true earned income," (Doc. # 32 at ¶¶ 12-14, 40-46); (2) Switlyk "knew that his statements regarding his income were false at the time that he made them," (Id. at ¶¶ 17, 41, 43-46); (3) Switlyk "made false statements regarding his income in order to induce MassMutual to act in reliance on the false income statements when MassMutual calculated and paid [his] disability

14

benefits," (Id. at 12-14, 42-44, 46); (4) MassMutual relied on Switlyk's false statements when it paid him disability benefits in excess of those to which he was entitled (Id. at 15, 46-49); and (5) MassMutual was damaged by overpaying Switlyk (Id. at 48). Relying on the same allegations that it made regarding its fraud claim, MassMutual submits that is has also sufficiently stated a claim for negligent misrepresentation in its Second Amended Complaint. (Id.). The Court finds that, given the liberal pleading standard of Rule 8, MassMutual has articulated allegations sufficient to plead claims of fraud and negligent misrepresentation under Florida law.

    Switlyk also submits that MassMutual "pled nothing" to satisfy the heightened pleading standard imposed by Fed. R. Civ. P. 9(b), merely providing "vague allegations" that do not "rise to the level of fraud or negligent representation." (Doc. # 37 at 12). According to Switlyk, the Second Amended Complaint does not allege with the requisite specificity what statements were made in what documents, the time and place of the statements, the person responsible for the statements, the content of the statements, and the effect of the fraud on MassMutual. (Id. at 12-13).

15

MassMutual counters that it has satisfied the specificity requirements of Fed. R. Civ. P. 9(b) by attaching to its Second Amended Complaint the income statements Switlyk submitted to MassMutual because they "provide the specific false statements that [Switlyk] made (the alleged amount of his income)" and "the specific date that the false statements were made," given that the income statements are signed and dated by Switlyk. (Id. at 18).

Although Rule 9(b) intends to "eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed," the Court must "be careful to harmonize the directives of [R]ule 9(b) with the broader policy of notice pleading." Friedlander v. Nims, 755 F.2d 810, 813 n. 3 (11th Cir. 1985).

MassMutual's Second Amended Complaint does not constitute a model of compliance with the Rule 9(b) pleading requirements. However, the Second Amendment Complaint and the income statements, taken together, provide (1) Switlyk's allegedly misrepresented statements of his earned income (Doc. ## 32-2, 32-3); (2) the dates of the income statements signed by Switlyk (Id.); (3) the content of the income statements and the manner in which they misled MassMutual given that MassMutual's Second Amended Complaint lists the

16

allegedly inflated amounts paid to Mrs. Switlyk to reduce the earned income amount provided in the income statements (Doc. ## 32 at ¶¶ 11, 32-2, 32-3); and (4) allegations that Switlyk received disability benefits in excess of those to which he was entitled given his allegedly fraudulent submissions of earned income (Id. at ¶ 12). Therefore, Switlyk's Motion is denied as to Counts IV and V.

### D. Count VI: Declaratory Relief

The Declaratory Judgment Act stipulates, "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration," provided that an "actual controversy" exists between the parties. 28 U.S.C. § 2201(a). To invoke jurisdiction under the Act, a party must show: "(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision." Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels, 512 F. App'x 890, 895 (11th Cir. 2013) (quoting U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991)).

Although Switlyk moves to dismiss MassMutual's claim for declaratory relief, he concedes, "Count VI is a closer call." (Doc. # 37 at 13). Switlyk asserts that there is no justiciable controversy, and thus declaratory relief should be barred. (Id.). However, MassMutual argues that the "actual controversy" requirement of the Act is met because "MassMutual disputes that [Switlyk] is disabled and entitled to disability benefit payments." (Doc. # 38 at 20) (citing, e.g., Provident Life & Acc. Ins. Co. v. Futch, CIV. A. CV207-063, 2008 WL 4724827, at *4, 8 (S.D. Ga. 2008); Paul Revere Life Ins. Co. v. McPhee, 144 F. Supp. 2d 1375, 1382 (S.D. Fla. 2001)). MassMutual further argues that a justiciable controversy exists between the parties because it could be subjected to a breach of contract lawsuit if MassMutual failed to pay Switlyk disability payments pursuant to the disability policy or suspended the waiver of premiums pursuant to the business overhead expenses policy. (Doc. # 38 at 20-21) (citing Ams. Ins. Co. v. Evercare Co., 699 F. Supp. 2d 1355, 1359 (N.D. Ga. 2010), aff'd, 430 F. App'x 795 (11th Cir. 2011) (finding possibility of future lawsuit sufficient to establish justiciable controversy)).

For the reasons stated above, this Court agrees with MassMutual that an actual controversy exists between the

18

parties regarding whether (1) Switlyk is disabled; (2) MassMutual is obligated to pay disability benefits under the disability policy; and (3) MassMutual is obligated to waive premiums under the business overhead expenses policy. See Coregis Ins. Co. v. McCollum, 955 F. Supp. 120, 123 (M.D. Fla. 1997) (finding justiciable controversy in declaratory relief action because plaintiff could be exposed to substantial and binding obligations without knowing whether such obligation was owed). Therefore, MassMutual's Motion is denied as to Count VI.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Stephen A. Switlyk's Motion to Dismiss (Doc. # 37) is **DENIED.**

(2) Defendant has until **August 22, 2014**, to file his Answer to Plaintiff's Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record